**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

SHARON MCGLYNN,

    Plaintiff,

        v.

RELIANCE STANDARD LIFE
INSURANCE COMPANY,

    Defendant.

CIVIL ACTION NO. 3:14-CV-2033

(JUDGE CAPUTO)

## MEMORANDUM

Presently before the Court are Defendant Reliance Standard Life Insurance Company's ("Reliance") Motion for Summary Judgment (Doc. 16.) and Plaintiff, Sharon McGlynn's ("Ms. McGlynn") Motion for Judgment on the Pleadings (Doc. 20.). Ms. McGlynn alleges in her Amended Complaint (Doc. 7.) that Reliance, the issuer of a group long-term disability insurance policy to Ms. McGlynn's former employer, improperly interpreted and applied the language of the policy and seeks a judgment in the amount of benefits she alleges were improperly withheld from her. Reliance filed for summary judgment. Ms. McGlynn filed a motion pursuant to Federal Rule of Civil Procedure 12(c) and seeks judgment on the pleadings. Because Reliance's interpretation of the policy's ambiguous terms is reasonable, I will grant Reliance's motion for summary judgment. I will deny Ms. McGlynn's motion for judgment on the pleadings because she has not demonstrated she is entitled to judgment in her favor as a matter of law.

## I. Background

### A.    Factual Background[1]

The facts in the current matter are not in dispute. Plaintiff, Sharon McGlynn, was insured under a disability insurance policy issued by Reliance. (*Amended Complaint* ("*Am. Compl.*")*,* Doc. 7, ¶ 3.) The policy is part of an employee welfare benefit plan established by Ms. McGlynn's former employer and subject to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001-1461. (*Am. Compl.* at ¶ 5.) Ms. McGlynn received payments under the policy from April 20, 2011 to April 20, 2013. (*Id.* at ¶ 6.) From April 20, 2011 through April 10, 2012, Ms. McGlynn was paid $ 1,328.59 per month. (*Id.*) From April 11, 2012 through April 20, 2013, the amount of payment was reduced by $ 1,236.00 per month as a "Social Security Estimate." (*Id.* at ¶ 8.) The provision of the policy regarding the "Social Security Estimate" is as follows:

> Benefits [Social Security] will be estimated if the benefits:
> (1) have not been applied for; or
> (2) have not been awarded; and
> (3) have been denied and the denial is being appealed.
>
> The Monthly Benefit will be reduced by the estimated amount. If benefits have been estimated, the Monthly Benefit will be adjusted when we receive proof:
> (1) of the amount awarded; or
> (2) that benefits have been denied and the denial cannot be further appealed.

(*Id.* at ¶ 9.) By letter dated June 28, 2013, Ms. McGlynn's request for social security benefits

---

[1]    The facts are as set forth in Plaintiff's Amended Complaint (Doc. 7) and as responded to by Defendant in their Answer With Affirmative Defenses (Doc. 9.). The Court is considering both the Motion for Summary Judgment and the Motion for Judgment on the Pleadings. The facts as set forth in Reliance's Statement of Facts in Support of Motion for Summary Judgment (Doc. 17.) are substantially the same and not disputed by the parties.

was denied. (*Id.* at ¶ 10.)[2] On July 25, 2013, Ms. McGlynn requested that Reliance pay additional benefits under the policy and provided Reliance with a copy of the denial letter. (*Id.* at ¶ 10.) Reliance responded on July 29, 2013, stating that "the social security estimate cannot be refunded until we receive proof that the claim for social security has been denied at the highest level and cannot be further appealed." (*Id.* at ¶ 11.) On August 8, 2013, Ms. McGlynn wrote back to Reliance stating that the policy language requires only expiration of the social security appeal period before the estimated amount was paid and that the policy language does not require an insured "to endlessly pursue a possibly frivolous appeal to the 'highest level' in the federal court system." (*Id.* at ¶ 12.) By letter dated September 3, 2013, Reliance requested proof from Ms. McGlynn that she had appealed the social security denial. (*Id.* at ¶ 13.) Ms. McGlynn responded on October 3, 2013 indicating that the social security denial was no longer appealable and under the plain language of the policy, the previously estimated benefits must be paid. (*Id.* at ¶ 14.) On October 8, 2014,  Reliance again requested proof of any social security denial appeal, to which Ms. McGlynn responded on October 23, 2013[3] that there was no social security appeal and that previously estimated benefits were immediately payable. (*Id.* at ¶¶ 15-16.)

On October 24, 2013, Reliance sent a notice to Ms. McGlynn but did not reference the social security denial appeal. (*Id.* at ¶ 17.) Ms. McGlynn again responded that there was no social security appeal and that previously estimated benefits were immediately payable

---

[2]

Ms. McGlynn attached her letter to Reliance, however, the letter denying social security benefits was not attached to the amended complaint. (Doc. 7-1, p. 2.)

[3]

The Amended Complaint states the letter was dated October 23, 2014, however, the document attached to the Amended Complaint, purporting to be the letter sent by Ms. McGlynn's counsel to Reliance is dated October 23, 2013. (*Am. Compl.* at ¶ 16.; Doc. 7-1, p. 13.)

by letter dated November 22, 2013. (*Id.* at ¶19.) Reliance also sent letters dated December 3, 2013, February 27, 2014 and March 19, 2014 which did not address the social security denial appeal.  (*Id.* at ¶¶ 20-22.)

On June 6, 2014, Reliance sent a letter to Ms. McGlynn's counsel stating "while your client [Ms. McGlynn] chose not to pursue an appeal of the Social Security denial does not (sic)  nullify [Reliance]'s contractual right to continue the estimated Social Security Offset." (*Id.* at ¶ 23.) The letter further stated:

> In this regard, the Policy's language indicating the Social Security denial "cannot be further appealed" means, requesting an appeal to the ALJ [Administrative Law Judge]. Again, please note it is [Reliance]'s policy that an Insured exhaust his/her administrative remedy to appeal the Social Security denial until a decision is reached by the ALJ before we will consider a refund of any previously applied offset.

(*Id.*) This letter also denied long term benefits after April 20, 2014 based on the determination that Ms. McGlynn was not "Totally Disabled from any occupation."[4] (*Id.* at ¶ 24.)

Reliance refuses to pay Ms. McGlynn the amount withheld as the social security estimate. (*Id.* at ¶¶ 25, 32.) Reliance takes the position that Ms. McGlynn was obligated to appeal the social security denial. (*Id.* at ¶ 28.) Ms. McGlynn has repeatedly notified Reliance that she believes the plain language of the policy is in direct conflict with their position. (*Id.* at ¶¶ 29-31.) If Ms. McGlynn had been notified that she was required to appeal to the Administrative Law Judge ("ALJ") only on July 29, 2013, instead of being told she must appeal to the "highest level", she could have opted to file an appeal to the ALJ, notwithstanding the lack of medical support, to appease Reliance. (*Id.* at ¶¶ 36-37.)

Ms. McGlynn now seeks repayment of the amount she alleges was improperly withheld from her, plus interest, costs and attorneys fees. (*Id.* at ¶ 39.)

---

[4]    Ms. McGlynn is not challenging Reliance's long-term disability determination in the current action.

4

## B.      Procedural Background

On October 21, 2014, Reliance filed a Notice of Removal, removing the case filed by Ms. McGlynn in the Luzerne County Court of Common Pleas. (Doc. 1.) Reliance also filed a motion to dismiss for failure to state a claim and a brief in support on October 21, 2014. (Doc. 4; Doc. 5.) On November 4, 2014, Ms. McGlynn filed an amended complaint. (Doc. 7.) Ms. McGlynn also filed a brief in opposition to the motion to dismiss on November 4, 2014. (Doc. 8.) Subsequently, the motion to dismiss for failure to state a claim was terminated. Thereafter, on November 6, 2014, Reliance filed an answer to the Amended Complaint. (Doc. 9.) On April 27, 2015, Reliance filed a motion for summary judgment (Doc. 16.), a statement of facts (Doc. 17.), and a brief in support (Doc. 19.).  Ms. McGlynn filed a motion for judgment on the pleadings (Doc. 20.) and a brief in support (Doc. 21.) on the same day. On May 18, 2015, Ms. McGlynn filed a brief in opposition to the motion for summary judgment (Doc. 24.) and an answer to the statement of facts (Doc. 25.). Reliance filed a response to Ms. McGlynn's statement of facts (Doc. 26.) and a brief in opposition to the motion for judgment on the pleadings (Doc. 27.) on May 18, 2015. Reliance filed a reply brief on June 1, 2015. (Doc. 28.) Ms. McGlynn did not file a reply brief with regard to her motion for judgment on the pleadings. Both motions have been briefed and are ripe for disposition.

## C.      Legal Standard

### 1.      Summary Judgment

Summary judgment will be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  "Summary judgment is appropriate when 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Wright v. Corning*, 679 F.3d 101, 103 (3d Cir. 2012)

(quoting *Orsatti v. N.J. State Police*, 71 F.3d 480, 482 (3d Cir. 1995)).  A fact is material if proof of its existence or nonexistence might affect the outcome of the suit under the applicable substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).

Where there is no material fact in dispute, the moving party need only establish that it is entitled to judgment as a matter of law. *See Edelman v. Comm'r of Soc. Sec.*, 83 F.3d 68, 70 (3d Cir. 1996).  Where, however, there is a disputed issue of material fact, summary judgment is appropriate only if the factual dispute is not a genuine one. *Anderson*, 477 U.S. at 248, 106 S. Ct. 2505.  An issue of material fact is genuine if "a reasonable jury could return a verdict for the nonmoving party." *Id*.  Where there is a material fact in dispute, the moving party has the initial burden of proving that: (1) there is no genuine issue of material fact; and (2) the moving party is entitled to judgment as a matter of law. *See Howard Hess Denal Labs., Inc. v. Dentsply Int'l, Inc.*, 602 F.3d 237, 251 (3d Cir. 2010).  The moving party may present its own evidence or, where the non-moving party has the burden of proof, simply point out to the court that "the non-moving party has failed to make a sufficient showing on an essential element of her case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).

"When considering whether there exist genuine issues of material fact, the court is required to examine the evidence of record in the light most favorable to the party opposing summary judgment, and resolve all reasonable inferences in that party's favor." *Wishkin v. Potter*, 476 F.3d 180, 184 (3d Cir. 2007).  Once the moving party has satisfied its initial burden, the burden shifts to the non-moving party to either present affirmative evidence supporting its version of the material facts or to refute the moving party's contention that the facts entitle it to judgment as a matter of law. *Anderson*, 477 U.S. at 256-57, 106 S. Ct. 2505. The Court need not accept mere conclusory allegations, whether they are made in the complaint or a sworn statement. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888, 110 S. Ct. 3177, 111 L. Ed. 2d 695 (1990).

"To prevail on a motion for summary judgment, the non-moving party must show

specific facts such that a reasonable jury could find in that party's favor, thereby establishing a genuine issue of fact for trial." *Galli v. New Jersey Meadowlands Comm'n*, 490 F.3d 265, 270 (3d Cir. 2007) (citing Fed. R. Civ. P. 56(e)). "While the evidence that the non-moving party presents may be either direct or circumstantial, and need not be as great as a preponderance, the evidence must be more than a scintilla." *Id*. (quoting *Hugh v. Butler County Family YMCA*, 418 F.3d 265, 267 (3d Cir. 2005)). In deciding a motion for summary judgment, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249, 106 S. Ct. 2505.

### 2.    Motion for Judgment on Pleadings

"A Rule 12(c) motion is designed to provide a means for disposing of cases when the material facts are not in dispute and a judgment on the merits can be achieved by focusing on the content of the pleadings and any facts of which the court will take judicial notice." *Scranton Times, L.P. v. Wilkes-Barre Pub. Co.*, 2009 WL 3100963, *2 (M.D. Pa. 2009), (citing Wright & Miller, 5C Fed. Prac. & Proc. Civ. § 1367 (3d ed.)). A motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) will be granted only "where the moving party clearly establishes there are no material issues of fact, and that he or she is entitled to judgment as a matter of law." *DiCarlo v. St. Mary Hosp.*, 530 F.3d 255, 259 (3d Cir. 2008).The Court "must view the facts presented in the pleadings and the inferences to be drawn therefrom in the light most favorable to the nonmoving party." *Sikirica v. Nationwide Ins. Co.*, 416 F.3d 214, 220 (3d Cir. 2005) (citing *Soc'y Hill Civic Ass'n v. Harris,* 632 F.2d 1045, 1054 (3d Cir.1980)).

### II. Discussion

Ms. McGlynn seeks the payment of benefits she argues were wrongly withheld. Reliance contends that the benefits were properly withheld and Ms. McGlynn is not entitled to any additional benefits. As agreed by the parties, the policy in the current case is part of

an employee welfare benefit plan subject to the Employment Retirement Income Security Act of 1974 ("ERISA") codified at 29 U.S.C. § 1001 *et. seq.* (*Am. Compl.* at ¶ 5.) Ms. McGlynn's action is authorized under Section 1132, otherwise known as Section 502, which provides the following relevant language:

> **(a) Persons empowered to bring a civil action**
>
> **1. A civil action may be brought--**
>
> **(1)** by a participant or beneficiary--
>
> **. . .**
>
> **(B)** to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan;

29 U.S.C.A. § 1132. The party bringing a claim under ERISA's enforcement provision "must demonstrate that the benefits are actually 'due'; that is, he or she must have a right to benefits that is legally enforceable against the plan." *Saltzman v. Indep. Blue Cross*, 634 F. Supp. 2d 538, 546 (E.D. Pa. 2009) aff'd, 384 F. App'x 107 (3d Cir. 2010) (citing *Hooven v. Exxon Mobil Corp.,* 465 F.3d 566, 574 (3d Cir.2006)). Ms. McGlynn now seeks to recover benefits, in the form of the deducted estimated benefit amount and the question to be answered is whether she is entitled to those benefits. Both parties have filed dispositive motions and while they agree that the language is unambiguous, they disagree about the impact and interpretation of that language. The parties alternatively provide arguments as to the reasonableness of Reliance's interpretation if I were to determine the language of the policy is ambiguous.

"[C]ourts must conduct a *de novo* review of a company's denial of benefits unless the benefit plan endows the administrator or the fiduciary with discretionary authority to construe terms of the plan, in which case courts must then review a denial of benefits under

an arbitrary and capricious standard."[5] *Saltzman*, 634 F. Supp. 2d at 547 (citing *Bill Gray Enters., Inc. Employee Health and Welfare Plan v. Gourley*, 248 F. 3d 2306, 216 (3d Cir. 2001)). Under the arbitrary and capricious standard, a court may "'overturn a decision of the plan administrator only if it is without reason, unsupported by substantial evidence or erroneous as a matter of law.'" *Riggs v. Metro. Life Ins. Co.*, 940 F. Supp. 2d 172, 178 (D.N.J. 2013) (citing *Doroshow v. Hartford Life & Acc. Ins. Co.,* 574 F.3d 230, 234 (3d Cir.2009)). However, administrators do not have unfettered discretion. *See Funk*, 648 F.3d at 191-92. As the Third Circuit set forth:

> If the terms are unambiguous, then any actions taken by the plan administrator inconsistent with the terms of the document are arbitrary. But actions reasonably consistent with unambiguous plan language are not arbitrary. If the reviewing court determines the terms of a plan document are ambiguous, it must take the additional step and analyze whether the plan administrator's interpretation of the document is reasonable.

*Funk*, 648 F.3d at 191-92 (citing *Bill Gray Enters., Inc. Emp. Health & Welfare Plan,* 248 F.3d at 206) (citations omitted). "In determining whether a particular clause in a plan document is ambiguous, courts must first look to the plain language of the document." *Bauer v. Reliance Standard Life Ins. Co.*, No. CIV.A. 09-CV-0397, 2010 WL 364449, at *3 (E.D. Pa. Feb. 1, 2010) aff'd sub nom. *Bauer ex rel. the Craig E. Bauer Ins. Trust Dated Dec. 29, 2003 v. Reliance Standard Life Ins. Co.*, 421 F. App'x 226 (3d Cir. 2011) (citing *In Re Unisys Corp. Retiree Med. Benefit "ERISA" Litig.,* 58 F.3d 896, 902 (3d Cir.1995)). "A term is ambiguous if it is subject to reasonable alternative interpretations." *Riggs*, 940 F. Supp. 2d at 178 (citing *Fleisher v. Standard Ins. Co.,* 679 F, 3d 116, 121 (3d Cir. 2013)). A court "may only consider extrinsic evidence if the terms of the plan are ambiguous." *Saltzman*, 634 F. Supp. 2d at

---

[5]

"In the ERISA context, the arbitrary and capricious and abuse of discretion standards of review are essentially identical." *Funk v. CIGNA Grp. Ins.*, 648 F.3d 182, 195 n. 10 (3d Cir. 2011) (quoting *Miller v. Am. Airlines, Inc.,* 632 F.3d 837, 845 n. 2 (3d Cir.2011)).

562.

When conducting deferential review of a benefits denial by an administrator or fiduciary with discretionary authority, consideration must be given to whether or not the administrator or fiduciary has a conflict of interest, *i.e.,* when the administrator both evaluates and pays claims for benefits. *Riggs*, 940 F. Supp. 2d at 178  (citing *Metropolitan Life Ins. Co. v. Glenn*, 554 U.S. 105, 108, 128 S.Ct. 2343, 2346 (2008)). A conflict of interest is to be weighed among several different considerations to determine if there has been an abuse of discretion. *Riggs*, 940 F. Supp. 2d at 178 (citing. *Glenn*, 554 U.S. at 108).

### A.    Reliance's Motion for Summary Judgment

The current dispute turns not on whether a word in the policy is ambiguous but whether the language taken together allows for the offset in benefits as interpreted by Reliance and whether Ms. McGlynn is now entitled to the amounts withheld.

Reliance requests that the Court grant summary judgment in their favor arguing that the language of the policy is unambiguous and their interpretation is neither arbitrary nor capricious. They alternatively argue that even if the language is ambiguous, their interpretation is reasonable. Ms. McGlynn counters that Reliance's interpretation of the policy is contradictory to the policy's unambiguous language, or alternatively, that their interpretation of ambiguous policy language is unreasonable and arbitrary.

It must first be determined which standard of review applies to the current action. The policy provides the following:

> Reliance Standard Life Insurance Company shall serve as the claims review fiduciary with respect to the insurance policy and the Plan. The claims review fiduciary has the discretionary authority to interpret the Plan and the insurance policy to determine eligibility for benefits. Decisions by the claims review fiduciary shall be complete, final and binding on all parties.

(Doc. 17, Ex. 1, p. 14.) Reliance argues this language grants Reliance discretionary authority

10

to make benefit determinations as well as to interpret the terms of the policy. (Doc. 19, 8.) Ms. McGlynn does not contest Reliance's assertion. (Doc. 25, ¶ 3.) The language is clear. Reliance has been granted discretionary authority to interpret the policy. I will now review the interpretation itself employing an arbitrary and capricious standard of review.

Preliminarily, I must decide whether or not the plain language of the policy is ambiguous or unambiguous.  The parties both state that the language is unambiguous. Turning to the policy language, the terms of the policy provide for a reduction in benefits based on the availability of other benefits. (Doc. 17, Ex. 1, p. 18; Doc. 7-1, p. 1.) Reliance argues that the policy requires an offset of benefits by "Other Income Benefits" through the following language:

> **BENEFIT AMOUNT:** To figure the benefit amount payable:
> (1) multiply an Insured's Covered Monthly Earnings by the benefit percentage(s), as shown on the Schedule of Benefits page;
> (2) take the lesser of the amount:.
> (a) of step (1) above; or
> (b) the Maximum Monthly Benefit, as shown on the Schedule of Benefits page; and
> (3) subtract Other Income Benefits, as shown below, from step (2) above.
>
>
> **OTHER INCOME BENEFITS:** Other Income Benefits are benefits resulting from the same Total Disability for which a Monthly Benefit is payable under this Policy. These Other Income Benefits are:
> . . .
> (6) disability or Retirement Benefits under the United States Social Security Act, the Canadian pension plans, federal or provincial plans, or any similar law for which:
> (a) an Insured is eligible to receive because of his/her Total Disability or eligibility for Retirement Benefits;

(Doc. 17, Ex. 1, p. 18.) The above language states that "Other Income Benefits" are to be subtracted. The language additionally states that "Other Income Benefits" includes benefits that the insured is eligible to receive. Therefore, the language does not require that the insured is or has received the "Other Income Benefits" to impose the offset and does not

require that the other benefits are received by the insured to be estimated and thus deducted. Reliance's ability to offset benefits is unambiguous and clear. The language the current dispute hinges on and provides the timing of the application of the offset and when if at all benefits are to be adjusted, is as follows:

> Benefits will be estimated if the benefits:
> (1) have not been applied for; or
> (2) have not been awarded; and
> (3) have been denied and the denial is being appealed.
>
> The Monthly Benefit will be reduced by the estimated amount. If benefits have been estimated, the Monthly Benefit will be adjusted when we receive proof:
> (1) of the amount awarded; or
> (2) that benefits have been denied and the denial cannot be further appealed.
>
> If we have underpaid the Monthly Benefit for any reason, we will make a lump sum payment. If we have overpaid the Monthly Benefit for any reason, the overpayment must be repaid to us. . .

(*Id.*) Regardless of application, if the insured is eligible for "Other Income Benefits", the monthly amount will be reduced unless and until the insured has been denied "Other Income Benefits" and that denial can no longer be challenged. The focus and, where the parties differ, is whether the insured is required to take an appeal based on the above language or if expiration of the appeal period triggers repayment. Reliance requires an appeal and Ms. McGlynn argues that once the appeal window has passed, an appeal is no longer possible and therefore, benefits previously offset should be paid.

Reliance argues that '[t]here can be no reasonable dispute that the terms at issue clearly required [Ms. McGlynn] to exhaust all [Social Security Administration ("SSA")] administrative appeals before recovering the estimated offset withheld by Reliance." (Doc. 19, 10.) Ms. McGlynn responds that "the clear and unambiguous meaning of 'and the denial cannot be further appealed' simply addresses the timing of the adjustment (the running of the appeal period), and not the underlying entitlement to the benefit." (Doc. 24, 6.) Ms.

McGlynn further argues that Reliance "is not entitled to estimate a monthly social security benefit as benefits have 'been applied for,' 'have not been awarded; and,' 'have been denied, and the denial is not being appealed.'" (*Id.* at 4-5.) Ms. McGlynn's interpretation is that Reliance was not entitled to make the estimate because the plain language provides that the estimate is only to be made once a denial can no longer be appealed. (*Id.* at 5.)

The parties both address the case of *Hopkins v. Prudential Ins. Co. of America*, 432 F. Supp. 2d 745 (N.D. Ill. 2006) arguing that it supports their respective positions. The policy language in *Hopkins* provided that amounts may be deducted "If SSDBs [social security disability benefits] have not been awarded but . . ." if the policy administrator determined that the claimant may qualify, the administrator "may deduct the 'estimated amount of SSDBs from any LTD [long term disability] benefits due under the Plan.'" 432 F. Supp. 2d at 755-56. The court determined the insurer had improperly withheld benefits. *Id.* at 759. The plaintiff had not sought social security benefits, however, the court ordered that the plaintiff be able to apply for benefits to determine the appropriateness of the deduction and if the deduction was warranted, the plaintiff was to repay the plan administrator excess payments. *Id.* at 766. Reliance initially relied on the case as an example of a court's endorsement of language requiring appeal of a benefits decision as necessitated by the plan administrator. (Doc. 19, 12.) Ms. McGlynn responded that Reliance's citation to *Hopkins* was inappropriate arguing that the facts differ significantly from the current case because the language in *Hopkins* precluded the offset if the claimant: applied for benefits, appealed the denial to all administrative levels deemed necessary, and signed a form promising to pay any overpayment caused by an award. (Doc. 24, 5.); *Hopkins*, 432 F. Supp. 2d at 766. Ms. McGlynn argues that the current language, unlike in *Hopkins*, does not permit Reliance to require any appeal, because even a single appeal would necessitate endless appeals. (Doc. 24, 6.) Reliance replies that it is inconsequential that the language in the current case differs from the language in *Hopkins* because the *Hopkins* language provided for the plan administrator to request appeals it deemed necessary and is analogous because the offset

13

is not conditioned on an insured's application for benefits but rather because"the Reliance Policy requires Reliance to adjust the offset only after [Ms. McGlynn] provides proof that the Social Security decision cannot be further appealed" Ms. McGlynn was unable to demonstrate satisfaction of a condition precedent for adjustment of the offset like the plaintiff in *Hopkins*. (Doc. 28, 6.)

*Hopkins* is distinguishable from the current case. The court in *Hopkins* was addressing whether or not the benefits deemed erroneously withheld were to be reduced by an offset as permitted by policy language, *i.e.*, the remedy. The court ordered that the plaintiff be given the opportunity to apply for benefits and would be required to repay the insurer any amounts that were overpaid as a result of an award of social security disability benefits. The parties were not arguing about the interpretation of  the language, but rather whether an offset was permissible with regard to the plaintiff. The language was clear in *Hopkins* that the plan administrator had explicit authority to determine the necessity of appeal. This is not so in the current case.

I do not agree with the parties that the language is unambiguous. The policy does not define "cannot be further appealed." Reliance is not expressly granted the authority to dictate the necessity or length of the appeal process by the plain language as in *Hopkins*.  The terms "cannot be further appealed" are subject to two reasonable interpretations as evidenced by the parties' dispute. The terms could mean that the appeal process has been exhausted, or it could mean that an appeal is no longer an option due to the expiration of an appeal period. Therefore, I cannot agree with the parties that the language is unambiguous and I must now determine if Reliance's interpretation of the policy language was reasonable.

If the language is ambiguous, a court must assess "(1) whether the interpretation is consistent with the goals of the Plan; (2) whether it renders any language in the Plan meaningless or internally inconsistent; (3) whether it conflicts with the substantive or procedural requirements of the ERISA statute; (4) whether the [relevant entities have] interpreted the provision at issue consistently; and (5) whether the interpretation is contrary

14

to the clear language of the Plan." *Howley v. Mellon Fin. Corp.*, 625 F.3d 788, 795 (3d Cir. 2010) (citing *Moench v. Robertson,* 62 F.3d 553, 566 (3d Cir.1995)).

Reliance argues that their interpretation requiring Ms. McGlynn to exhaust administrative appeals was reasonable in the face of ambiguous language and therefore cannot be disturbed. (Doc. 19, 11-12.) Ms. McGlynn's argument is that the interpretation by Reliance is absurd and strains the policy language and that Reliance's required appeal, suggests "[Ms. McGlynn] was obligated to endlessly pursue a potentially frivolous social security appeal to the highest appellate levels in the Country." (Doc. 24, 6.) Ms. McGlynn also argues that Reliance has inconsistently interpreted the language in communications because Reliance first stated that the appeal must be to the "highest level" and later stated they only required an appeal to an Administrative Law Judge. (*Id.* at 7.) In response, Reliance argues that their interpretation is consistent with the goals of the plan, does not render any plan language internally inconsistent or meaningless, has been consistent, does not conflict with ERISA, and is not contrary to the clear language of the plan. (Doc. 28, 4-13.) Ms. McGlynn has failed to expand on the above five considerations other than to say the interpretation is inconsistent with the plain language and that Reliance's has not been consistent in their interpretation.

Reliance argues their interpretation is consistent with the relevant plan goal which is "to provide monthly disability benefits to eligible insureds less Other Income Benefits that the insured may be eligible to receive" and that the goal of the policy could only be achieved if Ms. McGlynn pursued all available administrative remedies. (Doc. 28, 10.) The policy language as described above sets forth that there is to be an offset regardless of whether or not "Other Income Benefits" are received. Reliance repeatedly warned Ms. McGlynn that such an offset was possible. Prior to application of the offset, Reliance sent letters to Ms. McGlynn's counsel requesting updates on the status of her social security application as well as notices that such an offset was possible. (Doc. 17, Ex. 6, pp. 38-39, 30; Ex. 7, pp. 31-32.) Reliance's interpretation is reasonably consistent with their stated policy goals. They will

15

offset any benefits before a final decision is made on a social security application and it is reasonable, based on the language of the policy, that they require proof of an appeal before they will reimburse benefits previously estimated. Proof of finality of the decision on social security benefits provides Reliance with evidence that their offset was with or without justification. Arguably, such a determination would also provide an insured with clarity as to benefit eligibility under the policy and to ensure that their benefits are not being needlessly reduced. Under the deferential standard of review, I cannot say that their interpretation is unreasonable in light of the stated policy goals.

Next, Reliance argues that their interpretation does not render the plain language internally inconsistent or meaningless because Ms. McGlynn was provided opportunities to provide proof of an appeal to allow for any erroneously withheld sums to be returned. (Doc. 28, 10-11.) Consistent with the language of the policy, as stated above, the insured's offset benefits will be reimbursed if reduced based on an inappropriate estimation. Therefore, Reliance's requirement of an appeal is reasonable and does not render other language of the plan inconsistent or meaningless because it gives force to the provision of the policy that allows for benefits to be adjusted based on an award or lack thereof.

Third, Reliance argues they have been consistent in requiring proof that a social security appeal has been denied and that the denial could no longer be appealed. (Doc. 28, 12.)   Ms. McGlynn argues that Reliance was inconsistent in that they first stated she was required to appeal to the "highest level" and then later stated she was only required to exhaust the administrative appeal process. (Doc. 24, 7.) However, Ms. McGlynn did not pursue any appeal. Despite Reliance's letter dated July 29, 2013, stating that proof of an appeal to the highest level was needed, Reliance was consistent in requiring an appeal even if they did not specifically delineate what level of appeal was necessary in that letter. (Doc. 17, Ex. 7, p. 43.) Ms. McGlynn failed to take any appeal even though she was still within the appeal window when the letter was received as it did not expire until September 1, 2013. (Doc. 28, 10.) Ms. McGlynn is not relieved of her obligation to appeal simply by interpreting

Reliance's statement to require her to initiate litigation or to continue through the highest levels of the federal court system. Such was not demanded by Reliance and they consistently requested an appeal. There is also no evidence regarding any inconsistent applications of the policy language to other insured employees.

There has been no argument regarding whether Reliance's interpretation violates substantive or procedural requirements of ERISA. Reliance states that their interpretation does not violate ERISA but fails to expand. (Doc. 28, 4.) Ms. McGlynn does not address ERISA's substantive or procedural requirements. ERISA provides "that employee benefit plans be governed by written documents and summary plan descriptions, which are the statutorily established means of informing participants and beneficiaries of the terms of their plan and its benefits." In re Lucent Death Benefits ERISA Litig., 541 F.3d 250, 254 (3d Cir. 2008) (citing In re Unisys Corp. Retiree Med. Benefit "ERISA" Litig., 58 F.3d 896, 902 (3d Cir.1995)). The policy language controls in this case and there is no evidence the interpretation by Reliance violates ERISA's provisions.

Lastly, the parties argued at length that the language was unambiguous and that their respective interpretations comported with the plain language. Despite my determination that the relevant language was ambiguous, Reliance's interpretation does not go against the plain language of the policy. The interpretation by Reliance is reasonable.  Despite Ms. McGlynn's contention that Reliance's interpretation "strains the plain language of the policy", her interpretation that she "was obligated to endlessly pursue a potentially frivolous social security appeal to the highest appellate levels in the Country" (Doc. 24, 6.), is not indicated by the language of the policy. Ms. McGlynn's interpretation requires the insertion of an additional word to the policy's language. Her interpretation requires the addition of the word "not" before "being appealed." Certainly such an interpretation cannot be deemed to more reasonable than the interpretation by the party with the authority to interpret the language. The policy clearly provides that the benefits to be paid out are to be offset by other available benefits. The interpretation by Reliance that Ms. McGlynn was to exhaust her administrative

17

appeals before any amount estimated was refunded, is reasonable. Without any appeal, Ms. McGlynn failed to avail herself of further review as requested by Reliance and cannot now claim that it was Reliance that was unreasonable when she failed to take any action to potentially receive benefits she may be entitled to, either from the Social Security Administration or under the policy.

Even assuming *arguendo* that Ms. McGlynn's interpretation is reasonable, I am not permitted to question the decision of Reliance. "'[T]he court is not free to substitute its own judgment for that of the defendant in determining eligibility for policy benefits.'" *Robinson v. Liberty Life Assur. Co. of Boston*, 25 F. Supp. 3d 541, 551 (M.D. Pa. 2014) (quoting *Doroshow v. Hartford Life & Acc. Ins. Co.,* 574 F.3d 230, 234 (3d Cir.2009)) (quotations omitted). Additionally, although a structural conflict was acknowledged by Reliance because they both administer the policy and pay claims (Doc. 19, 9.), Ms. McGlynn failed to address the conflict and there has been no evidence presented, therefore, I will not consider it. I will grant Reliance's motion for summary judgment because Reliance is entitled to judgment as a matter of law.

### B.    Ms. McGlynn's Motion for Judgment on the Pleadings

Ms. McGlynn filed a Motion for Judgment on the Pleadings seeking judgment in her favor in the amount of the estimated benefit reduction from April 2012 to April 2013. Ms. McGlynn argues that she is entitled to judgment because "the language is clear and unambiguous" and that Reliance "is not entitled to estimate a monthly social security benefit as benefits have 'been applied for," 'have not been awarded; and," "have been denied," and the denial is not "being appealed." (Doc. 21, 5.) Ms. McGlynn argues that the policy language, as stated above, does not permit Reliance to make the estimate and, if they previously estimated, the second paragraph only establishes the timing of the adjustment. (*Id.*) Ms. McGlynn reiterates that Reliance's position obligating her to further appeal the denial "is in direct conflict with the plain language of the policy." (*Id.*) Alternatively, Ms. McGlynn argues that if the language is ambiguous, Reliance's interpretation is unreasonable

18

because the interpretation requiring appeal strains the language of the policy. (*Id.* at 6-7) Reliance responds that Ms. McGlynn "has not come close to showing that Reliance unreasonably interpreted the Policy provisions," but [i]nstead, the evidence shows that contrary to the goals of the Plan, [Ms. McGlynn] and her counsel sabotaged efforts to ascertain the amount of SSA disability benefits for which she was eligible." (Doc. 27, 16.)

Ms. McGlynn has requested judgment in her favor as a matter of law based on the pleadings and the documents attached to her Amended Complaint. She argues there are no material factual disputes and that all the relevant communications between the parties have been included in the pleadings. Despite the filing of a motion by Ms. McGlynn, the facts are not in dispute and the question of Ms. McGlynn's eligibility is a question of the reasonableness of Reliance's interpretation. Ms. McGlynn responded to Reliance's motion for summary judgment and advanced the same arguments. Those arguments are addressed above.  It is unnecessary to reevaluate the same language under the same standards. I have determined the language is ambiguous and the challenged interpretation by Reliance was reasonable and therefore will not be overturned. Ms. McGlynn has not demonstrated she is entitled to judgment as a matter of law because she has not demonstrated that the interpretation by Reliance was unreasonable. Therefore, Ms. McGlynn's motion for judgment on the pleadings will be denied.

### III. Conclusion

For the above stated reasons, I will grant Reliance's Motion for Summary Judgment and I will deny Ms. McGlynn's Motion for Judgment on the Pleadings.

An appropriate order follows.

 December 17, 2015                                   /s/ A. Richard Caputo
Date                                                      A. Richard Caputo
                                                         United States District Judge